UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JONATHAN MANNION,
              Plaintiff,

                                                      **Index No.**

   -against-

                                                      **COMPLAINT**

COORS BREWING COMPANY and CAROL H.
WILLIAMS ADVERTISING,
              Defendants.
-------------------------------------------------------------X

      Plaintiff JONATHAN MANNION by and through his attorney, Mary D. Dorman, Esq., as and for his complaint, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff seeks compensatory damages, punitive damages and injunctive relief against Defendants COORS BREWING COMPANY and CAROL H. WILLIAMS ADVERTISING because of Defendants' unauthorized use of Plaintiff's photograph in violation of the Copyright Act of 1976, as amended, 17 U.S.C. §101 et. seq. and statutes.

### PARTIES

2. Plaintiff JONATHAN MANNION ("Mannion") is an individual and a resident of the County and State of New York. He is a freelance photographer, who creates celebrity portraits of top talents in the music industry and sports world. His images constantly redefine the concept of music artists in an era of urban music and of athletes in play and at leisure. Mannion owns the copyrights and all related rights to a photograph in issue, of professional basketball player, Kevin Garnett ("the Garnett photograph").

3. Defendant COORS BREWING COMPANY ("Coors"), on information and belief, is a corporation with its principal place of business located in Golden, Colorado. Coors is the

third largest brewer of malt liquors in the United States, it is the principal subsidiary of Adolph Coors Company and brews and sells Coors and Coors Light beers. It markets and purveys its beers throughout the United States and the world.

4. Defendant CAROL H. WILLIAMS ADVERTISING ("Williams") is a full-service advertising agency. Its capabilities include strategic marketing and advertising for print, T.V., radio and new media; consumer research; advertising and collateral production; media placement; promotions and direct mail. One of its clients is Coors Brewing Company. It specializes in African-American advertising.

## JURISDICTION AND VENUE

5. Federal jurisdiction over Plaintiff's claims is conferred on this Court by 28 U.S.C. § 1338, as this action arises under the Copyright Act of 1976 (17 U.S.C. § 101 et. seq.).

6. Venue is proper in this District. The Defendants and their agents transact business in this District. The Plaintiff resides in this District. The acts and transactions complained of herein have taken place in this District.

## SUBSTANCE OF THE ACTION

7. Plaintiff is an internationally known commercial photographer. He creates portraits and still-lifes for advertising campaigns, magazines and compact disc covers around the world. Plaintiff manages production of all his photo-shoots and designs his own sets, backdrops, lighting, model selection, props, positioning and timing. He retains copyrights to all his photographic works.

8. Plaintiff and his work have attained worldwide fame, popularity and recognition.

9. On or about December, 1999 Plaintiff created a photograph of Kevin Garnett, a professional basketball player, which first appeared in the December, 1999 issue of

SLAM magazine.  The photograph in issue appeared in SLAM with the express permission of Plaintiff.

10. The Garnett photograph is protected by United States Copyright Law, and as of August, 2003, is registered with the United States Copyright Office.  Plaintiff is the sole owner of the copyright and the registration.

11. A copy of the photograph entitled the Garnett photograph as published in SLAM magazine in December, 1999 is annexed hereto as "Exhibit A" to the Complaint.

12. On or about November, 2001, Plaintiff was contacted by a representative of Williams requesting him to submit an estimate for a three day shoot in California in December for an image to be used on a billboard campaign for Coors Light beer.

13. With the request for an estimate were three proposed mock-up images of billboards advertising Coors Light prepared by Williams.  One of the images appropriated the Garnett photograph.  The request for an estimate from Defendants and a copy of said proposed mock-up is annexed as "Exhibit B".

14. Plaintiff advised the representative from Williams that one of the three images for the billboards was his photograph.  He then forwarded a copy of his estimate to Williams.

15. Plaintiff did not hear back from Williams in regard to the Coors Light billboard campaign.

16. A few months later, on or about June 5, 2002, Plaintiff was in Los Angeles and saw a Coors Light billboard that unequivocally appropriated the Garnett photograph without Plaintiff's knowledge or permission.  (See photograph of billboard and enlarged partial billboard as "Exhibit C").

17. The unauthorized image, clearly derived from Plaintiff's Garnett photograph in issue, appeared as the advertisement for Coors Light on at least two billboards in Los Angeles.  On information and belief, Coors never ran a similar advertisement or billboard prior to the Garnett photograph's appearance in the December, 1999 issue of SLAM.

18. On information and belief, the Defendants, their agents and employees had access to Plaintiff's work in issue by virtue of its appearance in the December, 1999 issue of SLAM.

19. Defendants have created and published an advertisement on a billboard marketing Coors Light beer, knowingly and intentionally using the distinctive image of the Garnett photograph by Plaintiff. As such, Defendants have created an unauthorized derivative work of Plaintiff's copyrighted photograph.

20. Defendants, through their agents and employees, have misappropriated the most recognizable elements of the Garnett photograph and utilized it as a commercial vehicle to promote their products.

21. Defendants have willfully infringed upon Plaintiff's copyright of the Garnett photograph with the intent to commercially exploit the artistic work to which they have no legal or proprietary rights.

22. On information and belief, Defendants have been marketing, publishing, and distributing the infringing work without permission or license from Plaintiff, in violation of Federal Law, on information and belief, in other widely distributed print and billboard campaigns.

23. If such use on the part of Defendants continues, Plaintiff will suffer irreparable harm of a continuing nature for which there is no plain, speedy or adequate remedy at law.

24. By reason of the willful infringement of copyright by Defendants, Plaintiff has sustained injury, loss and damage to his ownership rights and Defendants have unlawfully, unfairly and wrongfully derived and will continue to derive income from these infringing acts. Defendants are being unjustly enriched by its infringement.

### COUNT I: Copyright Infringement

25. Plaintiff repeats and realleges paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Plaintiff is the original author and creator of the photograph currently being used and exploited by Defendants.

27. Plaintiff possesses and is the rightful holder of the copyright, its registration and the interest in, to and under the Garnett photograph being used and exploited by Defendants.

28. Defendants have infringed and are infringing on Plaintiff's copyright in, to and under the Garnett photograph by creating a derivative, unauthorized work from it and using said derivative work for marketing, advertising, promoting, publicly distributing and benefiting from Plaintiff's copyrighted photograph without his consent or authorization.

29. As a direct and proximate result of Defendants' copyright infringement, Plaintiff has sustained and will continue to sustain financial loss, harm to his artistic reputation, loss of good will, loss of profits, loss of business opportunities and loss of control over the marketing and use of his copyrighted photograph. Defendants have been unjustly enriched by its infringement.

30. Defendants' infringing acts have been performed with knowledge of Plaintiff's copyrights and such acts were performed intentionally and willfully.

31. Plaintiff has been damaged by Defendants' acts in an amount yet unascertained but to be proven at the time of trial.

## COUNT II: Injunction

32. Plaintiff repeats and realleges paragraphs 1 through 31 as if more fully set forth herein.

33. Plaintiff is entitled to injunctive relief.

## COUNT III: Attorneys Fees and Costs

34. Plaintiff repeats and realleges paragraphs 1 through 33 as if more fully set forth herein.

35. Plaintiff is entitled to costs and attorneys fees.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

I. Injunctive relief preliminarily and permanently enjoining Defendants, their subsidiaries, directors, officers, employees, agents, and all other persons or entities acting, by contract or agreement, in concert with it, or on behalf of it, directly or indirectly, from offering, providing, advertising, printing, distributing, selling or in any way making available to the public any photograph created by Plaintiff or any derivative work thereof; and

II. Injunctive relief compelling Defendants to return all originals, copies and negatives of Plaintiff's photograph and of any derivative work thereof to Plaintiff, and to destroy any and all digital or computer images Defendants have of Plaintiff's photograph in their possession, custody or control; and

III. Awarding to Plaintiff as against the Defendants, compensatory damages in a sum of not less than $500,000; and

IV. Awarding to Plaintiff as against the Defendants, punitive damages in a sum of not less than $500,000; and

V. Awarding to Plaintiff as against Defendants, actual damages and any profits attributable to the infringement of Plaintiff's copyright by Defendants; and

VI. Awarding to Plaintiff as against Defendants statutory damages based upon Defendants' acts of infringement pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. § 101; and

VII. Awarding to Plaintiff as against Defendants, costs and reasonable attorney's fees incurred by virtue of this action; and

VIII. Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: New York, New York
February 9, 2004

---
MARY D. DORMAN (MDD 9440)
Attorney for the Plaintiff
134 West 26th Street, Suite 902
New York, New York 10001
(646) 230-7444