**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------X
JONATHAN MANNION,
               **Plaintiff,**                    **04 CV 1187 (LAK)**

        **v.**                       **Defendants Coors Brewing Company and**
                                           **Carol H. Williams Advertising, Inc's**
                                         **Proposed Jury Instructions.**

**COORS BREWING COMPANY and**
**CAROL H. WILLIAMS ADVERTISING,**
               **Defendants.**

--------------------------------------------------X

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

### Defendants' Proposed Instruction No. 1

### CLAIMS AND DEFENSES

      To help you follow the evidence, I will briefly summarize the issues in this case: First, the party who brings a lawsuit is called the plaintiff.  In this action, the plaintiff is Jonathan Mannion.  The parties against whom the suit is brought are called the defendants. There are two defendants: Coors Brewing Company and Carol H. Williams Advertising, Inc.

      The plaintiff claims that the defendants created a photograph that infringed various copyrights of the plaintiff.

      The defendants deny this claim.

**Defendants' Proposed Instruction No. 2**

**NATURE OF THE ACTION**

This is an action for copyright infringement. A "copyright" is the exclusive right to copy. A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted. The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying of protected elements of the work.

The owner of a copyright generally has the right to exclude any other person from reproducing, distributing, performing, displaying, or using the work covered by copyright for a specific period of time. One who reproduced a copyrighted work during the term of the copyright, infringes the copyright, unless licensed by the copyright owner.

In this case, plaintiff Jonathan Mannnion asserts that he is the owner of a copyright in a certain photograph of NBA player Kevin Garnett that appeared in the December 1999 issue of SLAM Magazine. Defendant Coors Brewing Company is the owner of a copyright in another photograph created by defendant Carol H. Williams Advertising, Inc., in September 2001 of the photograph of the midsection of an unidentified African American male. Plaintiff Jonathan Mannion seeks damages from defendants Coors Brewing Company and Carol H. Williams Advertising, Inc. for copyright infringement.

Defendants Coors Brewing Company and Carol H. Williams Advertising, Inc deny infringing the copyright and contends that Plaintiff is not entitled to any damages because there is no substantial similarity as to the copyright protected elements of plaintiff's photograph and defendants' photograph and that the photograph only share a common idea of a photograph of an African American male wearing heavy jewelry in the *Hip Hop* fashion of "*Bling-Bling.*"

**Defendants' Proposed Instruction No. 3**

**Copyright Generally**

"Copyright" is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others.  You are probably accustomed to hearing the word "author" used for writers.  But under the copyright law, any creator of an original work is referred to as the author.  That is the term we use in the copyright law for the creator of an original work.  Copyright protection extends only to the expression of the ideas in the author's work, but never to the ideas themselves.

There are at least two competing considerations involved in a copyright.  On the one hand, the creator of a work has the right to reap the benefit of the owner's creativity and effort.  On the other hand, progress in art as well as science requires that everyone have the right to develop and create new works using the same ideas and subjects.

The copyright law attempts to strike a balance between these two values, protecting so much of the creator's original work as embodies the creator's own particular form of expression, but not so much as would prevent others from using the same ideas, themes and subjects in their own forms of expression.

A copyright in the original work is not the same as a copyright in the subject of the original work.

**Defendants' Proposed Instruction No. 4**

**Rights of Copyright Interests**

With certain exceptions, the owner of a copyright can exclude others from copying the owner's copyrighted work during the term of the copyright. A copyright owner may enforce the right to exclude others from copying the copyrighted work in a copyright infringement action.

**Defendants' Proposed Instruction No. 5**

**Obtaining a Copyright**

A copyright automatically exists in a work the moment the work is created. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that the legal and formal requirements are satisfied, the Register of Copyrights registers the work, and issues a certificate of registration to the copyright owner.

There is no administrative investigation as to the originality or uniqueness of the work or a determination of the validity of the claim. A certificate of copyright registration is refused only if it falls outside the broad category of matter eligible for copyright registration. Therefore, while the existence of a copyright registration creates some presumption that a work is indeed entitled to copyright protection, the fact that a copyright registration had been issued is not dispositive as to whether the work is entitled to copyright protection.

For photographic works, a copyright as to the actual photograph does not mean that copyright protection extends to the subject matter of the photograph.

**Defendants' Proposed Instruction No. 6**

**Subject Matter Afforded Copyright Protection**

Original works of authorship fixed or produced in any tangible medium or form of expression from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device are protected by the Copyright Act.

Works of authorship include the following:

*1. literary works;*

*2. musical works, including any accompanying words;*

*3. dramatic works, including any accompanying music;*

*4. pantomimes;*

*5. choreographic works;*

*6. pictorial works; graphic works; sculptural works;*

*7. motion pictures and other audiovisual works;*

*8. sound recordings;*

*9. architectural works;*

*10. mask works fixed in semiconductor chip products;*

*11. computer programs.*

"Original" means only that the work was independently crated by the author and possess some minimal degree of creativity.  Originality does not signify novelty.  As an example, facts and raw data may not be copyrightable, but the author's selection, coordination and arrangement of the material may be copyrightable.

Copyright protection for an original work of authorship does not extend to any idea, procedure, process, system, method of operation, concept, principal, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied.

**Defendants' Proposed Instruction No. 7**

**Copyright Infringement In General**

To establish its copyright infringement claims, plaintiff Jonathan Mannion must prove by a preponderance of the evidence:

1. First, the plaintiff owns a valid copyright in the photograph it claims was infringed;
2. Second, there was copying by the defendants of the plaintiff's copyright protected photograph;
3. Third, any element of the plaintiff's photograph that the defendant copied in fact represented the original and protectable expression of the plaintiff's photograph.

There will be no infringement where:

1. the plaintiff's work is not original;

2. the work that plaintiff alleges was copied is not within the subject matter of copyright;

3. the plaintiff has not satisfied the statutory formalities of fixation, registration, and notice;

4. the defendant did not copy the plaintiff's protected work.

I will explain in greater detail as to what the plaintiff must prove to satisfy each of these elements.

**Defendants' Proposed Instruction No. 8**

**Plaintiff's Ownership of Valid Copyright**

The first thing that plaintiff Jonathan Mannion must prove is that the plaintiff is the owner of a work protected by the Copyright Act.  In order to prove this, the plaintiff Jonathan Mannion must show the following elements:

   1.   First:  That plaintiff's work is original;

   2.   Second:  Either that plaintiff Jonathan Mannion is the author, or that plaintiff's relationship with the author permits plaintiff Jonathan Mannion to claim ownership of the work; and

   3.   Third: That plaintiff Jonathan Mannion has complied with the formalities of the copyright law.

Plaintiff's certificate of registration of plaintiff's copyright is what is called prima facie evidence of the element of ownership. In other words, if there is no evidence against plaintiff Jonathan Mannion as to that element, the registration certificate alone is sufficient to establish that element.

Defendants Coors Brewing Company and Carol H. Williams Advertising, Inc, however, dispute that all of the plaintiff's work is original, contends that plaintiff Jonathan Mannion is not the author of the portions of the work that are the subject of this action, and claims as to the third element that plaintiff Jonathan Mannion has failed to include proper copyright notices on copies of the work.

The burden of proof lies with plaintiff Jonathan Mannion. You must find that plaintiff Jonathan Mannion has proved these three elements by a preponderance of the evidence before you may find for the plaintiff in this action. The disputed elements will be explained to you in these instructions.

**Defendants' Proposed Instruction No. 8**

**Plaintiff's Proof of Originality**

Under the copyright law, originality means that the work was independently created by the author and not copied from other works.  Plaintiff Jonathan Mannion's work might resemble other works, but if plaintiff Jonathan Mannion independently conceived plaintiff's work, or at least significant parts of it, then plaintiff's work is original. Copyright protection extends only to the original elements or expression of an idea by the author and not to facts merely discovered by the author or stereotypical themes and familiar symbols.

The work need not be completely, entirely original.  It may include or incorporate elements taken from prior works, from works used with their owner's permission or from works in the public domain.  If you find that plaintiff's work involves variations on pre-existing works or facts, then it is only to the elements of the plaintiff's work that originated from plaintiff Jonathan Mannion, or Jonathan Mannion's expression of an idea that copyright protection extends.

Where plaintiff's work was taken from previous work or facts, there is no precise rule as to how much must have originated from the plaintiff Jonathan Mannion in order for plaintiff Jonathan Mannion' to claim copyright protection. Trivial originality is not enough.

Plaintiff Jonathan Mannion must show that he has made a substantial original contribution or a substantial original variation distinguishable from prior works. Moreover, the originality must not be merely of a technical or mechanical nature.

In the case of photographs, copyright protection as to the photograph does not extend copyright protection to every element of the photograph.  Protected original expression in a photograph can include:

-the selection of lighting, such as indoor, outdoor, high, low, natural lighting versus studio lighting,

-use of shadows and shading, and other matters of composition.

- elements of originality in a photograph may include posing the subjects, lighting, angle, and evoking certain desired expression, as well as other variants.However, the protectable elements of a photographic image cannot ordinarily extend to the basic pose of a model.

Copyrights can protect only plaintiff's particular photographic expression of these poses and not the underlying ideas.

**Defendants' Proposed Instruction No. 9**

**Plaintiff's Proof of Copying**

In addition to establishing that plaintiff Jonathan Mannion is the copyright owner of the work in question, plaintiff Jonathan Mannion must also prove that defendants Coors Brewing Company and Carol H. Williams Advertising, Inc. infringed plaintiff Jonathan Mannion's rights in that work.

In order to establish infringement, plaintiff  Jonathan Mannion must prove that defendant's work was copied or taken from plaintiff's work. No matter how similar the two works are: plaintiff Jonathan Mannion may not recover against defendants Coors Brewing Company and Carol H. Williams Advertising Inc. unless that similarity is the result of the copying or taking of plaintiff's work, directly or indirectly, intentionally or unintentionally.

Furthermore, there is no liability unless it is the original aspects of the plaintiff's work that are copied or taken, if defendants Coors Brewing Company and Carol H. Williams Advertising Inc copies or takes only those portions of plaintiff's work which were not original with plaintiff, that is, portions which plaintiff Jonathan Mannion had in turn copied or taken from somebody else, then defendants Coors Brewing Company and Carol H. Williams Advertising Inc are not liable for copyright infringement.

Defendants Coors Brewing Company and Carol H. Williams Advertising Inc. are liable only if defendants Coors Brewing Company and Carol H. Williams Advertising Inc. copies or takes aspects of plaintiff's work that were original with plaintiff Jonathan Mannion. This does not mean that you have to find that the defendants Coors Brewing Company and Carol H. Williams Advertising Inc. copied plaintiff's work.

To establish that some copying took place, the plaintiff must show by a preponderance of the evidence both that:

1.   The defendants had access to the plaintiff's copyrighted photograph.
2.   There is substantial similarity between the works when compared in their entirety.  When a work contains both protectable and unprotectable elements, the defendant must prove that the protectable elements standing alone are substantially similar.

Access plus substantial similarity as to protected elements may support an inference of copying, but you are not required to accept that inference.

Proof of access and substantial similarity is insufficient to affirmatively establish infringement.

**Defendants' Proposed Instruction No. 10**

**Access**

Defendants admit only that they had access to the plaintiff Jonathan Mannion's photograph as it appeared in the December 1999 edition of SLAM Magazine. Defendants deny access to any unpublished work of plaintiff prior to its appearance in SLAM Magazine.

Circumstantial evidence is often resorted to in copyright cases, in an effort to show that infringement has occurred. Circumstantial evidence means the proof of facts that would support a logical inference that copying must have taken place. Among the significant circumstances for you to consider are these issues:

First: Did defendants have access to plaintiff's work prior to publication in SLAM Magazine?

Second: Are there similarities between the defendant's work and the plaintiff's?

Third: If there are similarities, are they of such a nature that they probably could not have occurred without copying, or are there other apparent explanations for the similarities?

These are not the only questions that might arise on this issue. You may consider any relevant circumstance, that is, any circumstances from which you may draw an inference either that copying has taken place or that copying has not taken place.

If, after considering all the proof in the case, you found yourselves unable to draw a logical inference one way or the other, then the plaintiff would have failed in its burden of proof on this issue.

On the subject of access, access means proof sufficient to show that the defendant or whoever created the defendant's work had a reasonable opportunity to view the plaintiff's work. Plaintiff Jonathan Mannion is not required to show that whoever produced the defendant's work actually saw the plaintiff's work. In addition, plaintiff is not required to show that some particular channel of communication existed through which the work was seen.

It is sufficient for plaintiff to show that defendants had reasonable opportunity to copy the plaintiff's work. That would be a showing that defendants had access to the plaintiff's work.

On the subject of similarity, if you find similarities between the works, you must ask yourselves whether the similarities are or are not of the kind that would be likely to occur without copying. Similarity can result from copying, but there are other possible explanations for similarity.

However, access is not enough to find copyright copying or copyright infringement.

**Defendants' Proposed Instruction No. 11**

**Substantial Similarity for Proving Copying**

Defendants have admitted access to the plaintiff's photograph as it appeared in SLAM Magazine, but you must then also consider whether there is substantial similarity between plaintiff's published work and the defendants' work.  Plaintiff must prove by a preponderance of the evidence that an ordinary observer would find the works substantially similar.

Works are substantially similar if:

1.    the ideas of plaintiff's copyrighted work and the defendants' work are substantially similar; and
2.    the expression of ideas in plaintiff's copyrighted work and the expression of ideas in defendants' work are substantially similar.

There is no yard stick for measuring when two works are substantially similar for proving copying.  Nonetheless, here are some guidelines that should help you: Substantial similarity for proving copying can be shown where the ordinary observer observing the two works would conclude that the likeness between them is great enough to give rise to an inference that the defendants copied from the plaintiff's work.

In considering plaintiff's photograph of Kevin Garnett and defendants' photograph of the torso of an African American male, you must consider the intended audience.  If you find that the intended audience for the plaintiff's photograph is one that is particularly interested in distinguishing the difference between the plaintiff's photograph of Kevin Garnett and the defendants' photograph of an unidentified male – such as might be the case of an avid or enthusiastic Kevin Garnett fan if plaintiff's photograph were intended for them – then you must evaluate whether the two photographs are substantially similar from the viewpoint of that audience.

If you find that ordinary observer from the viewpoint of the intended audience of the plaintiff's photograph of Kevin Garnett would find substantial similarity for proving copying and you determine, as admitted by the defendants, that they had access to plaintiff's work, then you may conclude that some amount of copying of the plaintiff's work took place.  That does not mean that any copyright infringement has occurred, however.

If you find access, but no substantial similarity for proving copying, then you must conclude that the defendants did not infringe the plaintiff's copyrights.  If this is your conclusion, then you will have no further need to consider the question of copyright infringement.

Your determination of whether or not the defendants engaged in copying must be made in comparison of the entirety of plaintiff's photograph and not simply selected or reduced portion of plaintiff's photograph.

**Defendants' Proposed Instruction No. 12**

**Infringement Requires Copying of Original Protected Elements or Expression**

If you find that the defendants' photograph copied the plaintiff's photograph – by finding access and substantial similarity in the overall appearance of the photographs – then you must consider whether the defendants' photograph infringes the copyright of the plaintiff's photograph that was copied.  In order to prove copyright infringement, the plaintiff must prove by a preponderance of evidence that the defendants copied elements of original and protected expression in the plaintiff's photograph.  This is referred to as substantial similarity for proving infringement.

Substantial similarity for proving infringement is not the same as substantial similarity for proving copying that I explained to you earlier.  The difference is this: substantial similarity for proving infringement requires you to compare only those elements of plaintiff's works that you find original.  You must not consider the elements of the work that are not plaintiff's original work or not protectable.

Substantially similarity for proving infringement can be shown where an ordinary observer observing from the viewpoint of the intended audience would conclude that the original protected elements of plaintiff's work and the corresponding elements of defendants' work are similar.

However, it is important to remember that, even, if the defendants took ideas from the plaintiff's work that does not prove copyright infringement.  Copyright protection extends only to the expression of the ideas in the plaintiff's photograph, but never to the subject matter, or the ideas themselves. In this case, anyone can take a picture of Kevin Garnett wearing heavy amounts of jewelry or an African American male with an athletic built.  The idea of a dark skin male, apparently of African American descent, dressed in a white shirt wearing heavy amounts of jewelry, "ice" or "bling-bling" cannot be afforded copyright protect.  Only those elements of the plaintiff's photograph that involve original expression of plainitiff's can be copyrighted.

Copyright protection does not extend to elements of expression that are the subject matter's expression of a common cultural theme, such a wearing heavy amounts of gold and silver expensive shining jewelry in the tradition of Hip Hop fashion know as "bling-bling" or "ice."  Copyright protection cannot extend to similar subject matter, such as a model of a certain ethic group or physical stature wearing common clothes and common colors.

An author can only claim copyright protection in the combination of these elements, i.e. captured in his rendition of the subject, i.e. the author's photograph, which may be subject to copyright protection and only when the combination is an original expression of the author. If you find that the plaintiff has not imparted an original expression to any or all of these elements to his photograph, or the plaintiff's contribution is only trivial variation of an existing subject matter, then those elements into which the plaintiff has not imparted an original expression or which represent only a trivial variation of a prior subject cannot be considered in determining the extent of plaintiff's copyright.

**Defendants' Proposed Instruction No. 13**

**Willful Infringement**

The plaintiff contends that the defendants willfully infringed the plaintiff's copyrights. If you find that the defendants did not engage in copyright infringement, or if you find that the defendants have proven any of their affirmative defenses to copyright infringement, then you will have no reason to consider whether the defendants engaged in willful infringement.

To prove willful copyright infringement, the plaintiff must prove by a preponderance of the evidence that the defendants knew that they were infringing the plaintiff's copyright or that they acted with reckless disregard as to whether they were doing so. If you conclude that the defendants reasonably and in good faith believed that they were not infringing the plaintiff's copyright, then you may not find that they willfully infringed the copyright.

Evidence of whether the defendants received legal advice that their activities were or were not infringing may be considered in deciding whether they engaged in willful infringement. If the defendant received and relied upon legal advice that their activities were not infringing, that is relevant consideration in deciding whether they engaged in willful infringement. In considering what legal advice the defendants had available to them, you may consider evidence of the Court's finding in this case, on the motion for summary judgment, that defendants did not prepare a derivative work of plaintiff's photograph.

You should not interpret the fact that I have given you instructions about willful infringement as an indication in any way that I believe that the defendants have or have not infringed the plaintiff's copyright. It is your task first to decide whether the defendants are liable for copyright infringement. I am instructing you on willful infringement only so you will have guidance in the event that you decide that the defendants have engaged in copyright infringement.

**Defendants' Proposed Instruction No. 14**

**Punitive Damages**

If you find that the acts of defendants Coors Brewing Company and Carol H. Williams Advertising, Inc. were willful, wanton, and maliciously done, then you may add to the actual amount of damages such amount as you shall agree is proper. The purpose of punitive damages is not to compensate plaintiff Jonathan Mannion, but rather to punish defendants, and to deter defendants and others from committing such acts in the future.

An act is willfully done if done voluntarily and intentionally and with the specific intent to commit such an act.

An act is wantonly done if done in careless disregard of, or indifference to, the rights of the injured party.

An act is maliciously done, if prompted or accompanied by ill-will or such gross indifference to the rights of others as to amount to a willful act done intentionally without just cause or excuse.

**Defendants' Proposed Instruction No. 15**

**Plaintiff's Proof of Actual Damages**


If you find that plaintiff Jonathan Mannion is the copyright owner and that defendants Coors Brewing Company and Carol H. Williams Advertising, Inc. infringed plaintiff's copyrighted work, then plaintiff Jonathan Mannion is entitled to recover the actual damages plaintiff  Jonathan Mannion suffered as a result of the infringement.

The term "actual damages" means the amount of money adequate to compensate the copyright owner for the reduction of the market value of the copyrighted work caused by the infringement.

The reduction in the market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay to a willing seller at the time of the infringement for the use made by defendants Coors Brewing Company and Carol H. Williams Advertising, Inc. of plaintiff's work.

**Defendants' Proposed Instruction No. 16**

**Plaintiff's Proof of Defendants' Profits Attributed to Infringement**

If you find plaintiff Jonathan Mannion is the copyright owner and that defendants Coors Brewing Company and Carol H. Williams Advertising, Inc. infringed plaintiff's copyrighted work, as the copyright owner plaintiff Jonathan Mannion is entitled to any profits attributable to the infringement in addition to actual damages.

Profits are determined by deducting all expenses from gross revenue.  Gross revenue is all of defendant's receipts from the use or sale of a work containing or using the copyrighted work.   Expenses are all manufacturing, operating, properly allocated overhead, sales, marketing, commissions, and production costs incurred in producing the gross revenue.

Unless you find that a portion of the profit from the use or sale of a product or work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, the total profit is attributable to the infringement.

Plaintiff Jonathan Mannion has the burden of proving gross revenue attributable to the infringement by a preponderance of the evidence.  Defendants Coors Brewing Company and Carol H. Williams Advertising, Inc. have the burden of proving the expenses and the portion of the profits attributable to factors other than the copyrighted work by a preponderance of the evidence.

You may not include in an award of profits any amount that you took into account in determining actual damages.

**Defendants' Proposed Instruction No. 17**

**Proposed Court Instructions**

**Court's Instruction No.1**

Duty of Jury

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**Court's Instruction No. 2**

What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

**Court's Instruction No. 3**

What Is Not Evidence

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Court's Instruction No. 4**

Evidence For Limited Purpose

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Court's Instruction No. 5**

Direct And Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Court's Instruction No. 6**

Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Court's Instruction No. 7**

Credibility Of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**Court's Instruction No. 8**

Conduct Of The Jury

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**Court's Instruction No. 9**

No Transcript Available To Jury

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**Court's Instruction No. 10**

Taking Notes

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**Court's Instruction No. 11**

Outline Of Trial

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**Court's Instruction No. 12**

Burden Of Proof—Preponderance Of The Evidence

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Court's Instruction No. 13**

Cautionary Instruction—First Recess

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

**Court's Instruction No. 14**

Bench Conferences And Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Court's Instruction No. 15**

Stipulations Of Fact

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

**Court's Instruction No. 16**

General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Court's Instruction No. 17**

Use of Notes

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

**Court's Instruction No. 18**

Instructions Apply to Each Party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

**Court's Instruction No. 19**

All Persons Equal Before the Law--Individuals

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

**Court's Instruction No. 19**

All Persons Equal Before the Law--Organizations

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

**Court's Instruction No. 20**

Multiple Defendants

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

**Court's Instruction No. 21**

Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**Court's Instruction No. 22**

Consideration of the Evidence--Corporate Party's Agents and Employees

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

**Court's Instruction No. 23**

Instruction if Pleadings Read to or Given to Jury

The pleadings consist of plaintiff Jonathan Mannion's complaint and the defendants Coors Brewing Company and Carol H. Williams Advertising Inc.'s answer. It is my practice [*to read the pleadings to you*] [*to allow the jury to take the pleadings to the jury room*].

What is said in the pleadings is not evidence. The purpose of the pleadings is to state the parties' contentions and to determine what factual issues are in dispute between the parties. You are to determine whether the claims made in the pleadings have been established by the evidence.

Plaintiff Jonathan Mannion's complaint states the amount of damages he seeks to recover. You are to determine whether Plaintiff Jonathan Mannion is entitled to recover any amount, and, if so, the exact amount he is to recover in accordance with the evidence and my instructions.

**Court's Instruction No. 24**

Court's Comments Not Evidence

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

**Court's Instruction No. 25**

Questions Not Evidence

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

**Court's Instruction No. 26**

Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone--including me--how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. [*The form reads: [quote]*]. You will take this form to the jury room, and when each of you has agreed on the verdict[*s*], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**INSTRUCTIONS AT CLOSE OF EVIDENCE: BURDEN OF PROOF**

**Court's Instruction No. 27**

Preponderance of the Evidence

Plaintiff Jonathan Mannion has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff Jonathan Mannion should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendants Coors Brewing Company and Carol H. Williams Advertising Inc. as to that claim.

The defendant has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**Court's Instruction No. 28**

"If You Find" or "If You Decide"

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

**Court's Instruction No. 29**

"Direct" and "Circumstantial" Evidence--Defined

Generally speaking, there are two types of evidence that are generally presented during a trial--direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an

eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Court's Instruction No. 30**

"Inferences" Defined

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**Court's Instruction No. 31**

Finding as to Thing Once Proved to Exist

You may find that a state of affairs, once proved to exist, continues as long as is usual with things of that nature, in the absence of evidence in the case leading you to a different conclusion.

**Court's Instruction No. 32**

**Notice or Knowledge--Duty of Inquiry**

The means of knowledge are ordinarily the equivalent in law to knowledge. If it appears from the evidence in the case that a person had information that would lead a reasonably prudent person to make inquiry through which that person would surely learn the facts, then this person may be found to have had actual knowledge of those facts, the same as if that person had made such inquiry and had actually learned such facts.

That is to say, the law charges a person with notice and knowledge of whatever that person would have learned, on making such inquiry as it would have been reasonable to expect the person to make under the circumstances.

Knowledge or notice may also be established by circumstantial evidence. If it appears that a certain condition has existed for a substantial period of time, and that the person had regular opportunities to observe the condition, then you may draw the inference that the person had knowledge of the condition.

**Court's Instruction No. 32**

Failure to Call Available Witness

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

**Court's Instruction No. 33**

Failure to Produce Available Evidence

If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

**Court's Instruction No. 34**

Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**Court's Instruction No. 35**

Charts and Summaries

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

**Court's Instruction No. 36**

**Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

Dated: February 15, 2006
      Oakland, California

        /s/ S. Raye Mitcehll
       S. Raye Mitchell (SM 4095)
       Attorney for Defendants
       Admitted *Pro Hac Vice*
       The Mitchell Law Group, PC
       1300 Clay Street, Suite 1010
       Oakland, CA  94612/(510) 836-2097

To:    Mary D. Dorman
       Attorney for Plaintiff
       134 West 26th Street, Suite 902
       New York, New York 10001